NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    )
KING PHARMACEUTICALS, INC.;         )
KING PHARMACEUTICALS RESEARCH       )
AND DEVELOPMENT, INC.; and          )
PHARMACEUTICAL IP HOLDING, INC.,    )
                                    )
                Plaintiffs,         )
                                    )
v.                                  )   Civil Action No. 08-5974 (GEB-DEA)
                                    )
SANDOZ, INC,                        )
                                    )
                                    )   **MODIFIED TEMPORARY**
                                    )   **RESTRAINING ORDER**
                                    )
                Defendant.          )
_____ )

**BROWN, Chief Judge**

This matter having come before the Court on April 1, 2010 upon the application for emergency relief pursuant to FED. R. CIV. P. 65 and L. CIV. R. 65.1 by Plaintiffs King Pharmaceuticals, Inc.; King Pharmaceuticals Research and Development, Inc. (collectively "King") and Pharmaceutical IP Holding, Inc. ("Pharmaceutical IP"), seeking an entry of an Order to Show Cause with temporary restraints against Defendant Sandoz, Inc. ("Sandoz"), temporarily restraining and enjoining Sandoz from engaging in the use, offer to sell, or sale within the United States of, or importing into the United States, its generic metaxalone product, through and including April 14, 2010, and requiring Sandoz to show cause why it should not be preliminarily enjoined form doing so through the pendency of this action or until the expiration of United

1

States Patent No. 7,122,566 ("the '566 patent") on February 6, 2026.  The Court has considered the parties submissions and the arguments of counsel on April 1 and April 6, 2010, and having reserved on Defendant's application to vacate the temporary restraints, except as stated herein,

IT IS THIS 6th day of April 2010,

**ORDERED** that the Temporary Restraining Order entered on April 1, 2010 is hereby modified as set forth herein; and it is further

**ORDERED** that Sandoz shall show cause on April 14th, 2010 at 9am why it should not be preliminarily enjoined during the pendency of this action or until the expiration of United States Patent No. 7,122,566, from engaging in the use, offer to sell, or sale within the United State of, or importing into the United States, its generic metaxalone product, but this restraint does not apply to manufacture; and it is further

**ORDERED** that Sandoz, its officers, agents, servants, representatives and employees and any and all persons or entities acting by, through, under or in active concert with any or all of them, are temporarily restrained and enjoined until further notice of this Court from engaging in the use, offer to sell, or sale within the United States of, or importing into the United States, its generic metaxalone product, but this restraint does not apply to manufacture; and it is further

**ORDERED** that Plaintiffs shall post a bond of $10,000,000.00 (ten million U.S. dollars) with the Court no later than April 7, 2010 at 12 noon; and it is further

**ORDERED** that this temporary restraining order shall be immediately vacated upon any re-launch of a competing generic metaxalone product by Corepharma, Inc.; and it is further

**ORDERED** that Plaintiff's reply brief in response to Defendants' Opposition to the motion for preliminary injunction shall be due by Monday, April 12 at 4pm and shall be limited to 40 pages in length; and it is further

**ORDERED** that any demonstrative exhibits to be used during the April 14 preliminary injunction hearing shall be submitted to the Court by 4pm on April 13; and it is further

**ORDERED** that decision upon Defendant's application to lift temporary restraints is hereby reserved.

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.