**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KING PHARMACEUTICALS, INC.; KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC.; and PHARMACEUTICAL IP HOLDING, INC., Plaintiffs, v. SANDOZ, INC, Defendant. | Civil Action No. 08-5974 (GEB-DEA) **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court on June 14, 2010, by letter from defendant (Doc. No. 140), seeking to strike portions of two of plaintiffs' expert reports. Defendant argues that plaintiffs, in their expert reports, assert infringement contentions that are new to the case and outside the scope of the infringement contentions as embodied in the pretrial scheduling order (Doc. No. 20).

Specifically, defendant argues that the infringement contentions submitted by plaintiffs on July 13, 2009, disclosed that the only package inserts on which the plaintiffs rely in support of their infringement claim are the metaxalone package inserts of King and Sandoz for their respective metaxalone products. On May 27, 2010, when plaintiffs served the expert reports of Drs. Elia, Barber, Guengerich and Gusmorino on Sandoz, plaintiffs also identified and relied

1

upon Sandoz package inserts for eight additional Sandoz generic drug products.

Plaintiffs argue that the package inserts for the other drug products are not new infringement contentions, but rather evidence supporting their original infringement contentions. Plaintiffs previously alleged in their infringement contentions that Sandoz would practice the claimed "informing" step by "provid[ing] information to pharmacists, patients, and medical care workers . . ." (Pls.' Letter Br. at 1; Doc. No. 150.) Plaintiffs argue that the information Sandoz provides to patients and medical care workers includes the package inserts used in conjunction with the non-metaxalone drug products is included in the broad scope of their infringement contentions because it is information that Sandoz provides to patients and medical care workers. Further, plaintiffs argue that these package inserts rebut a non-infringement argument raised by Sandoz for the first time in connection with the preliminary injunction proceedings, specifically that Sandoz does not infringe the asserted claims because the metaxalone package insert is silent regarding p450-mediated drug-drug interaction between metaxalone and any other substance.

The Court concludes that plaintiffs' arguments lack merit, and will grant defendant's motion to strike. The original infringement contentions consistently and specifically refer to Sandoz providing information to pharmacists, patients, and medical care workers regarding administration of <u>metaxalone</u>, and further that Sandoz's ANDA products (with ANDA products being defined as Sandoz's generic <u>metaxalone</u> products) cause pharmacists, physicians and other medical workers to follow the instructions provided by Sandoz. In short, no drug or package insert other than metaxalone has ever been at issue in this case. Further, plaintiffs' "Sandoz has a new argument" theory lacks merit. The alleged new argument that Sandoz raised in the context of the preliminary injunction proceedings is that the <u>metaxalone</u> package insert is silent regarding

drug-drug interactions between <u>metaxalone</u> and any other substance. Again, only interactions related to metaxalone are at issue.

Thus, the Court concludes that the portions of the expert reports of Dr. Barber and Dr. Elia shall be stricken with regard to the portions that refer to or rely on any package inserts other than metaxalone. These include the Elia report at Paragraphs 24 and 41, and the Barber report at paragraphs 23-31, 35, 39, 41-42, 49-50, 58-59, 61, 63-65, and 67-82. An appropriate form of order is filed herewith.

Dated: June 29, 2010

GARRETT E. BROWN, JR., U.S.D.J.